UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:

ROBERTO CORDOVA,

     Plaintiff,

v.

TARGET CORPORATION

     Defendant.

_____/

## TARGET CORPORATION'S NOTICE OF REMOVAL

Defendant, TARGET CORPORATION ("Target"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Rule 81(c) of the Federal Rules of Civil Procedure, hereby removes to this Honorable Court the action, Case No. 2022-004769-CA (01), filed in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, with full reservation of rights, exceptions, and defenses, and in support thereof states:

## FACTUAL BACKGROUND

1.    On or about March 14, 2022, Plaintiff commenced the instant action by filing a Complaint ("Complaint") in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida. *See* Complaint, attached as **Exhibit "A."**

2.    Plaintiff's Complaint was served on Target via its Registered Agent on or about May 9, 2022. *See* Proof of Service, attached as **Exhibit "B."**

3.    Within the Complaint, Plaintiff alleges negligence against Target because of injuries Plaintiff allegedly suffered on April 26, 2021, after an alleged slip

and fall at a Target store located at 21265 Biscayne Blvd, in Aventura, Florida ("subject store"). *See* **Exhibit "A"** at ¶¶ 3, 5.

4.    Specifically, Plaintiff alleges that while a customer at the subject store on <u>April 26, 2021</u>, he slipped and fell on a "substance which had puddled on the floor of the produce section" due to Target's negligent failure to maintain its premises in a reasonably safe condition; remedy/eliminate a dangerous condition, and/or warn Plaintiff as to the existence of the alleged dangerous condition. *Id.* at ¶¶ 7-11.

5.    The Complaint generally alleges this is an action for damages in excess of $30,000.00 and therefore, meets the minimum state circuit court jurisdictional requirement. *Id.* at ¶ 1.

6.    Further, the Complaint alleges that as a result of Plaintiff's fall, he "was injured in and about his body and extremities and/or aggravated a pre-existing condition; suffered pain therefrom; suffered physical handicap; suffered disfigurement; suffered mental pain and suffering; suffered loss of income in the past and will do so in the future; suffered loss for the capacity for the enjoyment of life and/or incurred medical expenses for the care and treatment of his injuries. Said injuries are permanent and are continuing in nature, and the Plaintiff will continue to suffer these losses and impairments in the future." *Id.* at ¶ 15.

7.    Plaintiff readily concedes within the Complaint that he "was and is a resident of Miami-Dade County, Florida." *Id.* at ¶ 2.  Plaintiff's allegation that he resides in Florida is confirmed by his Answers to Interrogatory No. 3 and medical records for the medical treatment he allegedly received as a result of the <u>April 26,</u>

2

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

2021 incident. *See* Answers to Interrogatories and Medical Records showing Plaintiff's Florida citizenship attached as **Exhibit "C" and "D"** respectively.

8.     Target is a foreign corporation organized and existing under the laws of the State of Minnesota.   Target maintains its principal place of business in Minneapolis, Minnesota. *See* 2022 Annual Report and Florida Department of State, Division of Corporations Entity Detail attached as Composite **Exhibit "E."**

9.     On June 14, 2022, Target propounded its First Set of Interrogatories upon Plaintiff.   On August 19, 2022, Plaintiff served his Answers to Target's First Set of Interrogatories.  *See* Plaintiff's Answers to Target's Interrogatories, attached hereto as **Exhibit "C."**

10.     In his Answers to Interrogatories, Plaintiff claims to have sustained injuries to his lower back which causes pain to his right leg.  He also claims that his medical treatment as a result of the alleged injuries is ongoing.  *See* **Exhibit "C."**

11.     On June 14, 2022, Target propounded its First Request upon Production on Plaintiff.   On August 19, 2022, Plaintiff served his Responses to Target's First Request for Production which including medical records and bills which evidenced his medical treatment to date and future care recommendations.  *See* Plaintiff's Responses Target's First Request for Production, attached hereto as **Exhibit "F."**

12.     Based on the medical bills produced by Plaintiff to date, Plaintiff has incurred $23,455.85 in past medical bills.  *See* Medical Bills produced as **Exhibit "G."**

13.     In response to non-party subpoenas, Target obtained Plaintiff's medical records from Dr. Anthony J. Hall on September 2, 2022.  Those medical records

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

indicate that in the future Plaintiff will require additional medical treatment costing several thousands of dollars.  *See* Plaintiff's Medical Records from Dr. Anthony J. Hall dated June 22, 2022, attached as **Exhibit "H."**

14.    Specifically, Dr. Hall opines that Plaintiff will require significant additional physical therapy services for any acute flare-ups to control pain and dysfunction which he will need annually or bi-annually at a cost of $3,000 to $5,000 per year.  He also opines he will require chronic anti-inflammatory and pain medication annually at a cost of $1500 to $2000 annually.  He also opines he will require lumbar epidural steroid or facet injections (administered in sets of three) twice annually at a cost of $6000 to $14000 per injection.  Finally he opines that lumbar surgery is indicated at a cost of $75,000 to $100,000.  *Id.*

15.    Accordingly, based on the totality of Plaintiff's responses to Target's discovery requests and the Plaintiff's medical records, it is clear this matter is removable based on diversity of citizenship of the parties, and because the claimed amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

16.    As part of this Notice of Removal, Target has attached a copy of the verified returned service of process, pleadings, and other papers filed in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida, together with the docket sheet from the Clerk of the Court. *See* State Court Filings, attached as **Exhibit "I."**

17.    Target reserves the right to raise all defenses and objections in this action after the action is removed in this Court.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

**REMOVAL IS TIMELY**

18.    This Notice of Removal is being filed within thirty (30) days of Target being served with Plaintiff's Responses to Target's Discovery and its receipt of medical records from which it first was ascertained that the case is one which removable pursuant to 28 U.S.C. § 1446.  *See* Ex's **C, F, H.**

19.    Pursuant to 28 U.S.C. § 1446, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

20.    Venue exists in the United States District Court for the Southern District of Florida, Miami Division, because the Eleventh Judicial Circuit Court in and for Miami-Dade County is located in Miami, Florida, which is located within the United States District Court for the Southern District of Florida, Miami Division.

**THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES**

21.    Pursuant to 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States."

22.    This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1) because Plaintiff is a citizen of Florida and Target is a citizen of Minnesota.

  A.    **Citizenship of Defendant, Target Corporation:**

5

HAMILTON, MILLER & BIRTHISEL LLP

23.    Target is a foreign for profit corporation organized under the laws of Minnesota with its principal place of business in Minneapolis, Minnesota. *See* **Ex. "E."** Target is therefore a citizen of the State of Minnesota for purposes of diversity jurisdiction, which is the state of its incorporation and principal place of business.  At no time material to this lawsuit has Target been a citizen of Florida.

### B.    Citizenship of Plaintiff, Roberto Cordova:

24.    At all times material to this action, Plaintiff "was a resident of Miami-Dade County, Florida." **Ex. "A"** at ¶ 2. Although Plaintiff's Complaint does not expressly use the word "citizenship" "[i]t is well established that a party's *residence* is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.,* No. 09-CV-60067, 2009 U.S. Dist. LEXIS 51705, at *7-8 (S.D. Fla. June 1, 2009); *see also E.S.Y., Inc. v. Scottsdale Ins. Co.*, 217 F. Supp. 3d 1356, 1359 n.2 (S.D. Fla. 2015) (noting that there is a presumption that the state in which a person resides at any time is also the person's domicile).

25.    In addition to the allegations of residency in his Complaint, Plaintiff's answers to Interrogatories, and his medical records showing ongoing treatment and care in Florida further establish that Plaintiff intends to remain in Florida and evidences his citizenship in Florida. *See* Plaintiff's medical records in Ex's**. "C, D, H"**.

26.    "Diversity jurisdiction is determined at the time of filing the complaint, or if the case has been removed, at the time of removal." *PTA-Fla, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016) (citing *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1306 n.1 (11th Cir. 2001)).

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

## AMOUNT IN CONTROVERSY

27.     The amount in controversy in this lawsuit clearly exceeds $75,000.00. Although Plaintiff's Complaint does not specify an amount in controversy, it is clear from the sampling of Plaintiff's medical records and bills received to date, that Plaintiff's claimed damages exceed the jurisdictional minimum for this Court of $75,000.00.  *See Pretka v. Kolter City Plaza, II, Inc.,* 608 F.3d 759 (11th Cir. 2010) (discussing the binding law in the Eleventh Circuit that a defendant may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal) (emphasis added); *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir. 2001).

28.     Where like here, the jurisdictional amount is not facially apparent on the face of Plaintiff's Complaint; the court will look to the notice of removal and any accompanying documents relevant to the amount in controversy at the time the case was removed. *Pretka*, 608 F.3d at 759; *Williams*, 269 F.3d at 1319; *see also Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996) (discussing that when a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the...jurisdictional requirement)."

29.     Moreover, Eleventh Circuit precedent permits district courts to use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) (quoting *Pretka*, 608 F.3d at 754). Furthermore, a removing defendant, is not required to prove the amount in controversy beyond all

doubt or to banish all uncertainty about it. *See Pretka*, 608 F.3d at 754. Thus, all that is required is that Target show by a preponderance of the evidence that the amount in controversy in the instant case exceeds $75,000.00. *Id* at 752.

30.     Additionally, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand. *See Katz*, 2009 WL 1532129 at *4 (citing *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "[A] district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id.* (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000)).

31.     As of August 2022, Plaintiff's past medical bills totaled Twenty Three Thousand Four Hundred Fifty Five Dollars ($23,455.85). *See* **Ex. "G."** This sum does not include the over $150,000 in anticipated future care costs that Dr. Hall has recommended Plaintiff will need as a result of his alleged injuries. *See* **Ex. "H."**

32.     Further, none of the above sums include amounts for Plaintiff's alleged pain and suffering, disability, mental anguish, past and future wage losses, and past and future loss of earning capacity as demanded in the Plaintiff's Complaint. *See* **Ex. "A"** ¶ 15.

33.     These representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to remove the action from state court.

8

34.     In *Moses v. Home Depot*, the plaintiff alleged personal injury after a box fell on him while at a Home Depot Store.  *See Moses v. Home Depot U.S.A.,* No. 13-60546-CIV-ROSENBAUM, 2013 U.S. Dist. LEXIS 191441, at \*4 (S.D. Fla. June 19, 2013).  Prior to filing his complaint, the Plaintiff sent a demand letter and enclosed medical reports "and a table showing the medical expenses already incurred in the amount of $14,270.90." *Id.*  The court denied the plaintiff's motion to remand finding "the damages claim found in the pre-suit demand letters, combined with the severity of [the] Plaintiff's injuries, his doctors' opinions that [the] Plaintiff will require surgery" show that the amount in controversy exceeds the jurisdictional minimum. *Id* at \*9-\*10. In *Eichhorn v. Home Depot USA, Inc.*, No. 07-61250-CIV, 2007 U.S. Dist. LEXIS 70541 (S.D. Fla. Sept. 24, 2007) the court found that the amount in controversy was over $75,000.00 when plaintiff's complaint alleged "serious and permanent injuries resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a pre-existing condition.

35.     Here, Plaintiff seeks an unspecified amount of damages for pain and suffering, mental anguish, loss of capacity for the enjoyment of life, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition, among other damages he claims are permanent and ongoing. *See* **Ex. "A"** at ¶ 15.

36.     Further, the Plaintiff's responses to Target's Discovery along with the Plaintiff's medical bills to date and most importantly the significant future care Plaintiff's doctor opines he will need over this lifetime sufficiently and conclusively

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

establishes by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court's jurisdiction rendering removal proper.

37.    Accordingly, the evidence provided herein clearly demonstrates Plaintiff's claimed damages in the instant case far exceed $75,000.00. Accordingly, Target has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

## CONCLUSION

Because the parties are citizens of different states, and because the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) dollars exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3). Upon filing of this Notice of Removal, Target will promptly give written notice to Plaintiff and to the Clerk of the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

**WHEREFORE**, Defendant, TARGET CORPORATION, respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. 2022-005030-CA (01), be removed to the United States District Court for the Southern District of Florida, Miami Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Target is entitled.

**Dated September 19, 2022**

Respectfully Submitted,

/s/ Schuyler A. Smith

10

**HAMILTON, MILLER & BIRTHISEL** LLP

150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

Schuyler A. Smith, Esq.
Florida Bar No. 70710
ssmith@hamiltonmillerlaw.com
Andres A. Pino, Esq.
Florida Bar No.: 119338
apino@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
Facsimile: (305) 379-3690
***Attorneys for Target Corporation***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 19, 2022, I electronically filed the foregoing document with the Clerk of the court using the E-Filing Portal.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List by electronic mail.

/s/ Schuyler A. Smith
Schuyler A. Smith, Esq.

## SERVICE LIST

Andrew J. Inserra, Esq.
Florida Bar No.: 110369
Inserra Law Firm, LLC
2131 Hollywood Blvd, Suite 208
Hollywood, Florida 33020
Telephone: (754) 777-9911
Facsimile: (754) 210-6195
andrew@inserralawfirm.com
info@inserralawfirm.com
*Attorneys for Plaintiff*

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690