|  | IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA |
|---|---|

**ROBERTO CORDOVA**,

    Plaintiff,

v.

**TARGET CORPORATION**,

    Defendant.

_____/

CASE NO:

## COMPLAINT

**COMES NOW**, the Plaintiff, **ROBERTO CORDOVA,** by and through the undersigned counsel, sues the Defendant, **TARGET CORPORATION**, and alleges as follows:

### JURISDICTIONAL STATEMENT AND IDENTIFICATION OF PARTIES

1. This is an action in excess of THIRTY THOUSAND DOLLARS ($30,000.00) and within the jurisdiction of this Court.

2. At all times material hereto, upon information and belief, the Plaintiff, **ROBERTO CORDOVA**, was a resident of Miami-Dade County, Florida, and is *sui juris*.

3. That all times material hereto, upon information and belief, the Defendant, **TARGET CORPORATION**, was and still is a Florida Profit Corporation authorized and doing business in the State of Florida, that:

    a. owned a premises located at 21265 BISCAYNE BLVD., AVENTURA, FLORIDA 33180;

    b. maintained a premises located at 21265 BISCAYNE BLVD., AVENTURA, FLORIDA 33180;

  c. managed a premises located at 21265 BISCAYNE BLVD., AVENTURA, FLORIDA 33180;

  d. possessed a premises located at 21265 BISCAYNE BLVD., AVENTURA, FLORIDA 33180; and/or

  e. exercised control over a premises located at 21265 BISCAYNE BLVD., AVENTURA, FLORIDA 33180;

4. Venue is proper in MIAMI-DADE County, Florida because the incident which is the subject of this Complaint occurred in MIAMI-DADE County, Florida.

5. That on or about April 26, 2021, the Plaintiff **ROBERTO CORDOVA**, was a business invitee present on the aforesaid premises.

6. That Plaintiff was entering the produce section of the Target store.

7. That there was a substance which had puddled on the floor of the produce section that Defendants knew of, or should have been aware.

8. That Plaintiff was unaware of said substance as noted in Paragraph #7.

9. That Plaintiff, while walking in the produce section, stepped in said substance.

10. That Plaintiff lost his footing after stepping in said condition, as noted in Paragraphs #7-9, and slipped and fell.

11. That as a result of slipping and falling, Plaintiff sustained serious bodily injuries.

## COUNT I - NEGLIGENCE AGAINST TARGET CORPORATION

12. The Plaintiff, **ROBERTO CORDOVA**, adopts and re-alleges paragraphs 1–11, as if they were reproduced herein, and further alleges:

13. That at the time the Plaintiff was injured, Defendant, **TARGET CORPORATION**, owed the Plaintiff a legal duty of reasonable care in maintaining the premises

in a reasonably safe condition, free from transitory foreign object or substances that might foreseeably give rise to injury or damage to the Plaintiff.  Moreover, Defendant, **TARGET CORPORATION**, had a legal duty to warn the Plaintiff of any defects or unreasonably dangerous conditions on the Defendant's premises.  Furthermore, Defendant owed Plaintiff a duty of reasonable care to act as a reasonably prudent person as to not cause harm or damage to those individuals within the foreseeable zone of risk.

14. Nevertheless, Defendant, by and through its agents, servants, and/or employees breached the aforesaid duty to Plaintiff **ROBERTO CORDOVA** by the following:

   a. carelessly and negligently creating an unreasonably dangerous condition by permitting the existence of a foreign object or substance on the floor of the premises that Defendant had actual knowledge of, or should have known of, or had constructive knowledge of due to the length of time the dangerous condition existed or due to the regularity with which the dangerous condition occurs on the subject premises;

   b. carelessly and negligently failing to inspect the floors of the premises for the existence of such unreasonably dangerous conditions that Defendant had actual knowledge of, or should have known of, or had constructive knowledge of due to the length of time the dangerous condition existed or due to the regularity with which the dangerous condition occurs on the subject premises;

   c. carelessly and negligently failing to maintain the subject floor of the premises free from the existence of such unreasonably dangerous conditions that Defendant had actual knowledge of, or should have known of, or had constructive knowledge of

        due to the length of time the dangerous condition existed or due to the regularity with which the dangerous condition occurs on the subject premises;

    d.  carelessly and negligently failing to warn this Plaintiff, by sign or otherwise, as to the existence of said unreasonably dangerous conditions on the subject floor that Defendant had actual knowledge of, or should have known of, or had constructive knowledge of due to the length of time the dangerous condition existed or due to the regularity with which the dangerous condition occurs on the subject premises;

    e.  carelessly and negligently failing to otherwise undertake reasonable efforts to repair and/or remedy any unreasonable dangerous conditions that Defendant had actual knowledge of, or should have known of, or had constructive knowledge of due to the length of time the dangerous condition existed or due to the regularity with which the dangerous condition occurs on the subject premises; and/or

    f.  carelessly and negligently failing to act as a reasonably prudent person would as to not create unsafe and/or dangerous conditions that could foreseeably cause damage and/or injury to individuals within the foreseeable zone of risk.

15.    That as a direct and proximate result of the negligence of Defendant, **TARGET CORPORATION**, the Plaintiff, **ROBERTO CORDOVA**, was injured in and about his body and extremities and/or aggravated a pre-existing condition; suffered pain therefrom; suffered physical handicap; suffered disfigurement; suffered mental pain and suffering; suffered loss of income in the past and will do so in the future; suffered loss for the capacity for the enjoyment of life and/or incurred medical expenses for the care and treatment of his injuries. Said injuries are permanent and are continuing in nature, and the Plaintiff will continue to suffer these losses and impairments in the future.

**WHEREFORE**, the Plaintiff, **ROBERTO CORDOVA**, prays for entry of a judgment against the Defendant, **TARGET CORPORATION**, in an amount in excess of Thirty Thousand ($30,000.00) dollars, plus costs, and the Plaintiff further demands trial by jury of all issues in this cause so triable as a matter of right.

**Inserra Law Firm, LLC**
2131 Hollywood Blvd., Suite 208
Hollywood, Florida 33020
Telephone: (754) 777-9911
Facsimile: (754) 210-6195

**/s/ Andrew J. Inserra**
Andrew J. Inserra, Esq.
Florida Bar No: 110369
Primary: andrew@inserralawfirm.com
Secondary: info@inserralawfirm.com